**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| VISION IMPORT GROUP, LLC<br>*Plaintiff*,<br><br>vs.<br><br>THE FRESH GROUP, LTD.<br>D/B/A MAGLIO MCALLEN<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. |

**PLAINTIFF VISION IMPORT GROUP, LLC'S**
**ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff Vision Import Group, LLC ("Plaintiff" or "Vision Import") files this Original Complaint for Declaratory Relief against The Fresh Group, LTD, d/b/a Maglio McAllen ("Defendant" or "Maglio McAllen") as follows:

**PARTIES**

1.      Plaintiff Vision Import is a limited liability company organized and existing under the laws of New Jersey with its principal place of business located at 21 Main Street, Hackensack New Jersey, 07601. It is registered to do business in Texas and is authorized to file this lawsuit. Vision Import is managed by its members, Raul Millan, who is a resident of the State of New Jersey, and Ronnie Cohen, who resides in the State of Florida.

2.      Defendant The Fresh Group, LTD is a limited liability company organized and existing under the laws of the State of Wisconsin.  Upon information and belief, at all times relevant to this complaint, Defendant is a manager-managed limited liability company. Upon

further information and belief, at all times relevant to this complaint, none of the members of Defendant is a resident of the State of Texas. Plaintiff alleges on information and belief that Defendant's governing person is Sam J. Maglio who is a resident of the State of Wisconsin.

## JURISDICTION

3.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.[1]

5.      Venue is proper in the McAllen division of the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events giving rise to Plaintiffs' claim occurred in the McAllen division of the Southern District of Texas.

6.      This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting activities in Texas thereby invoking the benefits  and protections of its laws. Defendant's contacts and connection with the State of Texas are such that it could reasonably anticipate being sued in Texas. In this case, the contract at issue uses the address of Defendant's office in McAllen, Texas. The goods were to be delivered by Plaintiff to Defendant's location in McAllen, Texas and the contract at issue references Plaintiff's

---

[1]On or about May 26, 2021, Defendant instituted an informal proceeding with the United States Department of Agriculture Agricultural Marketing Service ("*PACA Division*") in File PACA R-2021-0571 (the "*Informal PACA Proceeding*") pursuant to the Perishable Agricultural Commodities Act ("*PACA*") alleging that Plaintiff failed to ship 30 pallets of limes per the Sales Agreement dated December 15, 2020, discussed *infra*. Plaintiff anticipates that Defendant will argue that this Court should abstain from hearing this dispute under the doctrine of primary jurisdiction. However, the issues involved in this case are purely based upon Texas law, involving neither the PACA Division's expertise nor its fact finding prowess. The standards to be applied in resolving the dispute are not only within the competence of this Court, but Plaintiff respectfully alleges on information and belief that this Court has more experience and expertise than the PACA Division with respect to Texas common law contract issues. The prejudice and costs from the considerable delay caused by agency referral outweigh any potential benefits. As a result, there is no justification for this Court to defer to the PACA Division  for an initial decision in this case. *Occidental Chemical Corp. v. Louisiana Public Service Com'n*, 810 F.3d 299, 302 (5th Cir. 2016). See footnote 5 s*upra*.

location in Pharr, Texas as to price. There is a choice of law provision selecting Texas as the governing law. Defendant is registered to do business in Texas with the Texas Secretary of State.

## FACTUAL BACKGROUND

7.     Plaintiff Vision Import is a commodities broker and dealer specializing in fresh produce. Defendant Maglio is a nationwide distributor of commodities.

8.     On or about December 15, 2020, Plaintiff and Defendant entered into a Sales Agreement, attached hereto as **Exhibit A** (the "Sales Agreement"). Under Section 2 of the Sales Agreement, Plaintiff agreed to supply and Defendant agreed to purchase 1800 cartons per calendar week January-April 2021 and 2400 cartons per calendar week May-December 2021 of "US#1 Seedless Persian lines in 40 pound cartons sized as 175, 200, or 230ct." The contract price for the Persian limes was $23.1 per carton for shipments made in the months January-April 2021 and $13.10 per carton for shipments made in the remainder of 2021.

9.     The course of dealing between the parties was that Defendant would submit an invoice to Plaintiff on a weekly basis for the purchase of the Persian limes. Plaintiff supplied the quantity of Persian limes as required under the terms of the Sales Agreement from January to March 23, 2021, which Defendant purchased.

10.     In late 2020 through February 2021, a confluence of weather and natural disaster related events outside the contemplation of the industry occurred resulting in an almost totally unprecedented spike in prices for Persian Limes from March 20, 2021 to May 21, 2021 (the "*Force Majeure Period*"). The price increased dramatically at the during the Force Majeure Period to as much as 300% more than historical averages due to a shortage of supply. Persian limes are primarily sourced in Mexico. The massive shortage of supply of Persian limes was caused by the once in a century cold weather combined with rain in Mexico (also experienced in Texas). The cataclysmic power outage in Texas compounded supply issues. It is estimated that Persian lime

production will be the lowest in recorded history. As a result, it became impossible/impractical for Plaintiff to supply the Persian limes to Defendant during the Force Majeure Period.

11.     On May 28, 2021, Plaintiff informed Defendant that supply the production of Persian limes has resumed sufficiently normal conditions that Plaintiff was able to resume shipments pursuant to the Sales Agreement.

12.     The Sales Agreement, drafted solely by Defendant, provides:

**5. Excuse for Delay or Failure to Perform**

Seller will not be liable to buyer for any delay, non-delivery or default of this agreement due to labor disputes, transportation shortage, delay or shortage of materials to produce the goods, fires, accidents, Acts of God, or any other causes outside of seller's control.

Clearly, the practical inability of Plaintiff to supply the Persian limes during the Force Majeure Period is excused by Section 5 of the Sales Agreement. If a decrease in production of supply forecasted to be the lowest in recorded history coupled with a cataclysmic power outage does not constitute a "shortage of goods",[2] Acts of God or other causes outside of Plaintiff's control,  the Section 5 would effectively be rendered  meaningless, a result disfavored under Texas law.

13.     The produce industry is relatively small, and long-term relationships are valued. Industry practice is that the parties work together to attempt to either resolve the problem or to at least mitigate damages when these types of situations arise. That is particularly true when circumstances outside the control of one of the contracting parties arise that present an existential threat to one of the parties.

---

[2] The inclusion of the word "materials" in the phrase "shortage of materials to produce the goods" is inconsequential given the context of the phrase in an agreement regarding the sale of produce. Plaintiff anticipates that Defendant will argue that it is inapplicable due to the include of the word "materials". However, contracts are sacrosanct in Texas, freedom of contract is a fundamental policy of Texas, and contracts are "held sacred". *Fairfield Ins. Co. v. Stephens Martin Paving*, LP, 246 S.W.3d 653, 664 (Tex. 2008).  Every provision will be construed to have meaning. *FPL Energy, LLC v. TXU Portfolio Mgmt. Co*., 426 S.W.3d 59, 63 (Tex. 2014).

14.     In this case when it became apparent that there was an unprecedent shortage of Persian limes and in turn an unprecedented spike in prices, Plaintiff reached out to Defendant in an effort to reach a mutually acceptable resolution. However, Defendant in contravention of industry practice has refused to reach any type of amicable resolution of the problem. Plaintiff alleges on information and belief that Defendant has made no effort to reach an amicable situation because it believes that it has Plaintiff in a "gotcha" situation.

15.     Even though Defendant acknowledges that "[a]t the end of February 2021, the price of limes increased dramatically"[3], Defendant refuses to recognize the applicability of Section 5 of the Sales Agreement. Defendant contends that Plaintiff breached the Supply Agreement and has made demand on Plaintiff claiming in excess of $300,000.00 in damages.

**COUNT I**
**DECLARATORY JUDGMENT**

16.     Plaintiff incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

17.     There is an actual and justiciable controversy between Plaintiff and Defendant.

18.     The Sales Agreement is enforceable according to its terms.

19.     Under Section 5 of the Sales Agreement, Plaintiff's performance is excused from March 20, 2021 to May 21, 2021 due to shortage of materials to produce the goods[4], acts of God, and other causes outside Plaintiff's control.

---

[3] Letter dated May 26, 2021 from Louis W. Diess, III, counsel for Maglio, to Basil W. Coale, Jr., Direct, Eastern Region Office of the U.S. Department of Agriculture.

[4] Plaintiff anticipates that Defendant will contend that the phrase "shortage of materials to produce the goods" if applicable means a total absence of production. However, the more reasonable interpretation is inadequate production. If the contract is deemed ambiguous, the fact that Plaintiff drafted the agreement is a tie-breaker. *See Evergreen Nat'l Indem. Co. v. Tan It All, It All, Inc.*, 2003 Tex. App. LEXIS 7514  (Tex. App.-3rd Dist. [Austin], no pet.)(in context of insurance policy).

20.      Plaintiff is entitled to, and hereby respectfully seeks, declaratory judgment that its performance is excused from March 20, 2021 to May 21, 2021 pursuant Section 5 of the Sales Agreement.[5]

21.      Plaintiff is entitled to, and hereby respectfully seeks, declaratory judgment that it has not breached the Sales Agreement.

22.      Alternatively, or in addition, a duty of good faith and fair dealing is implied in the Sales Agreement pursuant to Section 1.304 of the Texas Business & Commerce Code (Tex. UCC). Good faith means "honesty in fact and the observance of reasonable commercial standards of fair dealing." Tex. Bus. Com. Code §1.201(b)(20).

23.      Defendant breached the duty of good faith and fair dealing by refusing to attempt to mitigate the effects of the catastrophic conditions leading to the increase in prices of the Persian limes.

24.      Plaintiff is entitled to, and hereby respectfully seeks, a declaratory judgment that Defendant has breached the duty of good faith and fair dealing and that Plaintiff's performance is thereby excused.

**COUNT II**
**ATTORNEY'S FEES**

25.      Section 8 of the Sales Agreement provides that in any dispute between the parties the prevailing party is entitled to its legal fees which include attorney's fees and expenses. Plaintiff hereby

---

[5] On August 3, 2021, the PACA Division, without citing any Texas authority, entered a non-binding informal decision in which is found that Section 5 of the Sales Agreement was effectively unenforceable because there was no "designation of a parcel of land" for excuse of performance under Section 2.615 of the Texas Business & Commerce Code.  However, the PACA Division totally failed to consider that under the strong policy in Texas favoring freedom of contract based upon the Texas Constitution, parties may waive any statutory provision unless there is a fundamental public policy precluding waiver or a statute prohibiting waiver (even assuming that Section 5 is a waiver of rights as opposed to a contractual "gap-filler") *Interstate 35/Chisam Rd., L.P. v. Moayedi*, 377 S.W.3d 791, 799 (Tex. 2012). There is no statutory prohibition or strong public policy under that would make Section 5 unenforceable under Texas law.

requests an award of its reasonable attorney's fees and expenses incurred in this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vision Import prays that this Court enter judgment against Defendant Maglio McAllen as follows:

A.      A declaration that the Plaintiff's performance under the Sales Agreement is excused from March 20, 2021 to May 21, 2021;

B.      A declaration that Plaintiff has not breached the Sales Agreement;

C.      A declaration that Defendant breached the duty of good faith and fair dealing applicable to the Sales Agreement;

D.      A declaration that Plaintiff's performance under the Sales Agreement is excused due to Defendant's breach of the duty of good faith and fair dealing;

E.      An award of Plaintiff's reasonable attorney's fees and expenses incurred in prosecuting this action;

F.      Post-judgment interest at the highest legal rate;

G.      Costs of Court; and

H.      Such other and further relief as this Court may deem just and equitable,

Date of signing: August 4, 2021

Respectfully submitted,

By: */s/ Lisa A. Powell*
    Lisa A. Powell
    State Bar No. 16204215
    S.D. ID # 273
    *Attorney-in-Charge*
    2925 Richmond Ave.
    Suite 1200
    Houston, Texas 77098
    Telephone:  (713) 955-3302
    Telefax:  (512) 488-9412
    lisa.powell@fisherbroyles.com
    **ATTORNEY-IN-CHARGE**
    **FOR PLAINTIFF**
    **VISION IMPORT GROUP, LLC**

**Of Counsel**:

FisherBroyles, LLP
2925 Richmond Ave.
Suite 1200
Houston, Texas 77098
Telephone:  (713) 955-3302
Telefax:  (512) 488-9412